UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN BURTON,<br><br>                Petitioner,<br><br>vs.<br><br>MAGGIE MILLER-STOUT,<br><br>                Respondent. | NO. CV-11-195-JLQ<br><br>ORDER TO DISMISS FIRST AMENDED PETITION |

    BEFORE THE COURT is Petitioner's First Amended Petition (ECF No. 9). Petitioner, a prisoner at the Airway Heights Corrections Center, is proceeding *pro se* and *in forma pauperis*;  Respondent has not been served.

    An amended petition supercedes the original petition, *Forsyth v. Humana, Inc*., 114 F.3d 1467, 1474 (9th Cir.1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). Therefore, "[a]ll causes of action alleged in an original [petition] which are not alleged in an amended [petition] are waived." *King*, 814 F.2d at 567 (*citing to London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.1981)); *accord Forsyth*, 114 F.3d at 1474. Therefore, **IT IS ORDERED** the District Court Executive shall **ADD** Respondent Maggie Miller-Stout and **TERMINATE** Respondent State of Washington.

    Mr. Burton is challenging his 2007 Spokane County jury conviction for delivery of a controlled substance, to wit crack-cocain. He was sentenced to nine and a half years incarceration.  In his amended petition, Mr. Burton provides no information regarding

ORDER TO DISMISS FIRST AMENDED PETITION -- 1

Case 2:11-cv-00195-JLQ    Document 11    Filed 09/08/11

any direct appeal or petition for state collateral review he may have filed. A review of Washington State court records shows the Washington State Supreme Court denied review of his direct appeal on March 4, 2009. He did not seek *certioriari* in the United States Supreme Court, and therefore, direct review of his conviction concluded on June 2, 2009. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir.2007). The one-year statute of limitations under 28 U.S.C. § 2244(d)(1)(A) commenced on that date.

Although granted the opportunity to do so, Petitioner has presented no facts showing he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). He presents no facts warranting equitable tolling of the limitations period. *Holland v. Florida*, ––– U.S. –––, –––, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Therefore, Petitioner's failure to file a federal habeas corpus petition by June 2, 2010, renders the present petition time-barred.

Accordingly, **IT IS ORDERED** Mr. Burton's First Amended Petition (ECF No. 9) shall be **DISMISSED with prejudice.**

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment of dismissal of the Petition with prejudice, forward a copy to Petitioner, and close the file. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 8th day of September 2011.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER TO DISMISS FIRST AMENDED PETITION -- 2